UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

JOHNSON OUTDOORS, INC.,

    Plaintiff,

v.                                                       Case No. 05-C-0522

GENERAL STAR INDEMNITY COMPANY,

    Defendant.

---

ORDER GRANTING DEFENDANT GENERAL STAR'S MOTION TO COMPEL (DOC. # 138); AND GRANTING INTERVENOR PLAINTIFF FEDERAL INSURANCE COMPANY'S REQUEST FOR JOINDER (DOC. # 159)

On April 30, 2010, defendant General Star filed its Second Motion to Compel Discovery in this matter. *See* Doc. # 138. General Star's first Motion to Compel Discovery from Johnson Outdoors, Inc. ("JOI") was filed on November 12, 2008. *See* Doc. # 108. A decision and order granting in part General Star's Motion to Compel was issued on September 16, 2009. *See* Doc. # 125.

In the current discovery dispute, General Star, joined by intervenor plaintiff Federal Insurance Company (Doc. # 159), seeks discovery of certain attorney-client communications regarding the costs of defending another lawsuit, the *Confluence* litigation which is at the heart of the dispute in this case. Johnson Outdoors concedes that it has placed its attorney-client communications "at issue" in this litigation regarding its costs of defending the *Confluence* litigation. *See* Doc. #145 at p.15 ("Defendants are correct that JOI has placed those anticipated fees at issue."). Because General Star has argued consistently that plaintiff has placed those communications "at issue," thus essentially wavering the privilege, the real question here is what is the extent of the waiver? Johnson

Outdoors contends that the waiver only applies to those documents it intends to introduce into evidence. Conversely, General Star submits that subject matter waiver applies to all documents and communications related to the privileged communications.

Both sides cite *State v. Hydrite*, 582 N.W.2d 411 (Wis. Ct. App. 1998), as support for their positions. The *Hydrite* court discussed the "at issue doctrine" with respect to Wisconsin's attorney-client privilege and held that the advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication. *Id*. at 418. The court reasoned that "[u]nder the restrictive view, the attorney-client privilege is waived when the privilege holder attempts to prove a claim or defense by disclosing or describing an attorney-client communication." *Id.* Johnson Outdoors maintains that it "does not intend to submit the documents at issue to prove its claims." *JOI Br. in Opposition to Motion to Compel* at 9. It further asserts that "this fact, alone, is dispositive of Defendants' motion under Wisconsin law." *See id.*

The *Hydrite* opinion stated that the privilege is waived once the holder attempts to prove a claim or defense by disclosing or describing an attorney-client communication. JOI has done that here and conceded as much in its brief. However, JOI reads Hydrite to mean that the privilege is "*only* waived when the privilege holder *does* intend to use the document to prove the claim or defense." *See id.* at 8 (emphasis in original). That proposition was derived from the Court of Appeals' analysis of Wisconsin's physician-patient privilege as juxtaposed to Wisconsin's attorney-client privilege as codified in the Wisconsin Code. The court rejected a more expansive or broad interpretation of the "at issue" doctrine because of its reading of the Wisconsin statute, ultimately adopting a

2

more restrictive view. This view holds that the privilege is not waived by the holder if the holder does not intend to use the document or communication to prove the claim or defense. *See Hydrite*, 582 N.W.2d at 419.

General Star counters with case law supporting its conclusion that "when a party defends its actions by disclosing an attorney-client privilege communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter." *General Star's Br. in Support* at 7; *Kimberly-Clark Corp. v. Tyco Healthcare Retail Group*, 2007 WL 218721, at *2 (E.D. Wis. 2000). JOI notes correctly that *Tyco* and others cited by defendant did not interpret Wisconsin law on the issue. However, the court is not persuaded that that alone is dispositive for another reason cited by General Star in its reply brief. Federal Rule of Evidence 502(a). Rule 502(a) provides:

> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a); *See also General Star's Reply Br. in Support* at 3. A sister district court in our circuit described the utility of Rule 502(a) as follows:

> Under Rule 502(a), the intentional disclosure of privileged information may lead to the compelled disclosure of additional privileged information only if the disclosed and withheld materials concern the same subject matter *and* ought in fairness to be considered together. *See, e.g., Trustees of the Elec. Workers Local No. 26 Pen. Trust Fund v. Trust Fund Advisors, Inc.*, 266 F.R.D. 1, 11 (D. D.C. 2010). [*30] "The idea is to limit subject matter waiver to situations in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its

3

> adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." Charles Alan Wright et al., *Federal Practice and Procedure* vol. 8, § 2016.2 (3d ed. 1995, Suppl. 2010). Subject matter waiver thus "is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Fed R. Evid. 502 advisory comm. nn.

*In re Aftermarket Filters Litigation*, 2010 U.S. Dist. LEXIS 117719, *29 (N.D. Ill. 2010).

This court agrees with its sister court. Here, Johnson Outdoors has relied on its attorney-client communications to support its argument that the $4.4 million settlement of the *Confluence* litigation "naturally flowed" from General Star's refusal to defend JOI in that law suit. The withheld documents concern the same subject matter and the court believes that it serves the interests of justice for all the communications to be considered together.

Although this case is a diversity action, federal procedural law is dispositive, not state substantive law. The explanatory note to the federal rule reinforces the notion by stating, "[t]o assure protection and predictability, the rule provides that if disclosure is made at the federal level, the federal rule on subject matter waiver governs subsequent state court determinations on the scope of the waiver by that disclosure." *See* Rule 502 Explanatory Note Subdivision (a).

Thus, while the *Hydrite* ruling is persuasive authority on the waiver issue, it does not trump federal procedural law in diversity cases. Here, the elements needed under Rule 502(a) to compel disclosure have been met. General Star seeks discovery of only those communications associated with the settlement of the *Confluence* litigation.

4

Moreover, according to the privilege log before this court, the requested discovery covers a period of a few months and a manageable number of documents. Consequently,

IT IS ORDERED that defendant General Star's Motion to Compel (Doc. # 138) is granted.

IT IS FURTHER ORDERED that intervenor plaintiff Federal Insurance Company's Motion for Joinder (Doc. # 159) is also granted.

IT IS FURTHER ORDERED that plaintiff Johnson Outdoors shall disclose all of the documents contained in its privilege log (Doc. # 140, Attachment 1) to the other parties in this case forthwith.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE